IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CR-124-JHP |
| | ) | |
| BRIAN J. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are (1) Defendant Brian J. Thomas's ("Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. 28); (2) the Government's motion to dismiss Defendant's § 2255 motion (Dkt. 32); and (3) Defendant's response to the Government's motion to dismiss (Dkt. 33). Defendant seeks relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government opposes Defendant's motion and urges the Court to dismiss the motion as untimely. For the reasons cited herein, Defendant's motion pursuant to § 2255 is **DISMISSED** and the Government's motion to dismiss is **GRANTED**.

**BACKGROUND**

In 2015, Defendant pleaded guilty to arson, in violation of 18 U.S.C. § 844(i) (Count One). (*See* Dkt. 26 (Judgment & Commitment)). In advance of

1

sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Defendant, in which it was recommended he be classified as a career offender under the United States Sentencing Guidelines ("Guidelines"). (PSR ¶ 16). Defendant was classified as a career offender because (1) the offense of conviction in Count One (arson) was a felony crime of violence and (2) he had prior convictions for two crimes of violence. (PSR ¶ 16). Defendant's predicate career offender convictions were (1) two counts of Arson First Degree (Sequoyah County Case No. CF-1996-00221) and (2) Feloniously Pointing Weapon (Tulsa County Case No. CF-2003-2598). (PSR ¶ 16).

Defendant was sentenced on December 22, 2015. At sentencing, the Court adopted the PSR without change. (Dkt. 25 (Minute Sheet – Sentencing)). The Court sentenced Defendant to imprisonment for 92 months on Count One. (Dkt. 26 (Judgment & Commitment)). Defendant filed an Acknowledgment and Waiver of Right to Appeal on December 30, 2015. Defendant did not appeal his conviction or sentence, which became final on January 6, 2016. He did not file a § 2255 motion or other collateral challenge prior to the present proceeding.

On April 13, 2017, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Dkt. 28). Defendant raises three grounds in his motion: (1) his feloniously pointing weapon conviction is no longer a valid career offender predicate in light of *United States v. Johnson*, 135 S. Ct. 2551

2

(2015); (2) his attorney rendered ineffective assistance of counsel by failing to appeal the use of his feloniously pointing weapon conviction; and (3) his feloniously pointing weapon conviction was not a violent crime under the Guidelines. (Dkt. 28). Defendant asserts his motion is timely, because it was filed within a year of the decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), which made *Johnson* retroactive. The Government filed a motion to dismiss Defendant's § 2255 motion, arguing it was untimely filed. (Dkt. 32). Defendant filed a response to the Government's motion, in which he reiterates his argument that the feloniously pointing weapon conviction is an improper career offender predicate. (Dkt. 33).

## DISCUSSION

In *Johnson*, the United States Supreme Court established that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. The ACCA provides a fifteen-year mandatory minimum sentence for a person who is convicted as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The now-defunct "residual clause" of the ACCA defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the Supreme Court

clarified that its decision under *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

As a threshold matter, the Court must address the timeliness of Defendant's § 2255 motion. Defendant claims his motion is timely pursuant to § 2255(f)(3), which requires a § 2255 motion to be filed within one year from the date when the asserted right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Defendant states the right asserted in his § 2255 motion was initially recognized by the Supreme Court in *Johnson*, decided on June 26, 2015, and the right was made retroactively available in *Welch* on April 18, 2016. Defendant contends his one-year limitations period began to run on the date *Welch* made *Johnson* retroactive, on April 18, 2016. (Dkt. 28, at 12).

Defendant misunderstands the appropriate limitations period under § 2255(f)(3). The relevant date for filing a timely § 2255 motion pursuant to *Johnson* was the date *Johnson* itself was decided, June 26, 2015. One year after that date, calculated in light of Fed. R. Civ. P. 6(a)(1)(C), was June 27, 2016.[1] Under this rule, Defendant's § 2255 motion, filed on April 13, 2017, is more than nine months overdue. Although *Welch* made the right newly recognized in

---

[1] The one-year period expired on June 26, 2016, which was a Sunday. Under Federal Rule of Civil Procedure 6(a)(1)(C), if the deadline falls on a Sunday, the period continues to run until the following day that is not a legal holiday.

*Johnson* retroactive, the date *Welch* was decided is not pertinent to timeliness of a § 2255(f)(3) motion asserting that new right. *See Dodd v. United States*, 545 U.S. 353 (2005) (one-year statute of limitations under § 2255(f)(3) runs from the date the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Accordingly, Defendant's claims pursuant to *Johnson* are untimely under § 2255(f)(3).

Moreover, Defendant's motion is untimely pursuant to § 2255(f)(1), which requires the motion to be filed within one year from the date on which the judgment of conviction becomes final. Defendant did not appeal his conviction or sentence; therefore, his conviction became final on January 6, 2016, which is 14 days after the entry of judgment in his case. *See* Fed. R. App. P. 4(b). Defendant had until January 6, 2017, to file a timely motion under § 2255(f)(1). However, Defendant filed this § 2255 motion on April 13, 2017, more than three months past that deadline. Therefore, to the extent Defendant's motion raises issues beyond those covered in *Johnson*, Defendant's motion is still untimely and this Court lacks authority to consider the merits of any of Defendant's claims.[2]

Finally, as the Government points out, to the extent Defendant's motion can be read as raising a claim under *Mathis v. United States*, 136 S. Ct. 2243 (2016),

---

[2] Defendant does not argue for timeliness under §§ 2255(f)(2) or (f)(4), and the Court identifies no possible relevance of these limitations periods to Defendant's motion.

his motion must still be dismissed as untimely. *Mathis* did not announce a new rule under § 2255(f)(3), and it does not have retroactive application to cases on collateral review. *See United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016).

Because Defendant's motion is untimely, the Court lacks jurisdiction to reach the merits of the claims presented in Defendant's motion. Accordingly, the Government's motion to dismiss is granted, and Defendant's § 2255 motion is dismissed for lack of jurisdiction.

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Defendant is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may

issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## CONCLUSION

For the foregoing reasons, Defendant Brian J. Thomas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. 28) is **DISMISSED FOR LACK OF JURISDICTION**. The Government's motion to dismiss (Dkt. 32) is **GRANTED.**

James H. Payne
United States District Judge
Northern District of Oklahoma